IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIE ANN RENTH,** | |
| **Plaintiff,** | |
| v. | Case No. 24-CV-01882-SPM |
| **FRANK BISIGNANO,**<br>**Commissioner of Social Security,** | |
| **Defendant.** | |

# ORDER FOR ATTORNEY FEES

**McGLYNN, District Judge:**

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (hereinafter EAJA). (Doc. 22). Defendant Commissioner filed a Response to Petition for Award of Attorney Fees. (Doc. 23). According to the Motion and Response, the parties agreed to a stipulated award of $6,805.71. (*See* Doc. 22, 23). In the Response, the Defendant Commissioner states that "[t]his stipulation constitutes a compromise settlement, and the Commissioner does not mean it to be an admission on the behalf of Defendant as to the appropriateness of the particulars of Plaintiff's request save the reasonableness of the amount agreed to." (Doc. 23, p. 1 n.2 (citing 28 U.S.C. § 2412(b))).

The Court finds that Plaintiff is the prevailing party and is entitled to an award of attorney fees pursuant to the EAJA. The Court further finds that the amount sought is reasonable and appropriate. This award shall fully and completely satisfy

any and all claims for fees and expenses that may have been payable to Plaintiff in this matter pursuant to the EAJA, 28 U.S.C. § 2412. Per the parties' agreement, this motion does not include Plaintiff's costs, and Plaintiff may file a separate bill of costs.

The Plaintiff's Motion for Attorney Fees (Doc. 22) is **GRANTED**. The Court awards Plaintiff attorney fees and expenses in the amount of $6,805.71 (six thousand eight hundred five dollars and seventy-one cents).

The amount awarded is payable to Plaintiff and is subject to set-off for any debt owed by Plaintiff to the United States in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010). *See also Harrington v. Berryhill*, 906 F.3d 561 (7th Cir. 2018). However, any part of the award that is not subject to set-off to pay Plaintiff's pre-existing debt to the United States shall be made payable to Plaintiff's attorney pursuant to the EAJA assignment executed by Plaintiff. If Defendant can verify that Plaintiff does not owe a pre-existing debt to the government subject to the offset, Defendant will direct that the award be made payable to **Maren Bam** pursuant to the EAJA assignment duly signed by Plaintiff. If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record:

> **Salus Law PLLC**
> **723 The Parkway**
> **Suite 200**
> **Richland, WA 99352**

**IT IS SO ORDERED.**
**DATED: June 16, 2025**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**
